### JOHN LAUBACH v. PHILIP PURSELL.

1. A person who endorses a note as an accommodation endorser for the payee, such note having been made by an accommodation maker, is subject to all the obligations and acquires all the rights of a party to negotiable paper.
2. If obliged to take up such note, the accommodation maker cannot set up fraud on the part of the payee in the inception of the note, as defence of his suit.
3. The omission in a note of the words " without defalcation or discount," under the act as it recently existed, was merely to let in the defence of an off-set under certain circumstances.

On rule to show cause, &c.

The defendant was the maker of a promissory note, dated May 28th, 1870, drawn in Phillipsburg, New Jersey, and payable at the First National Bank, Easton, Pennsylvania. The note was made for the accommodation of E. T. Dalton, who was the payee. The plaintiff, John Laubach, endorsed the note at Easton for the accommodation of Dalton. The note then passed to Messrs. Yohe & Depue, and not being paid at maturity, was duly protested, and was then taken up by the plaintiff.

The defence offered at the trial was, that Dalton obtained the signature of the defendant to the note by fraud. That defence was overruled.

The motion was for a new trial.

Argued at February Term, 1872, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER and VAN SYCKEL.

For the motion, *J. G. Shipman.*

Contra, *J. F. Dumont.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   This seems to me a plain case. The defendant signed this note for the accommodation of the payee, who, having endorsed it, obtained the signature of the plaintiff as accommodation endorser.   There is no suggestion that when the plaintiff thus became a party to the note he had any reason to suppose that there was anything wrong about its inception.   His legal position, therefore, is that of an ordinary accommodation endorser of a promissory note.   The contract of such a party to negotiable paper is, I think, that of a surety both to the drawer and payee, upon the terms of an ordinary endorsement.   He promises to pay any *bona fide* holder, even though the note be founded in fraud.   This, likewise, is the contract of the maker and payee.   When, therefore, Messrs. Yohe & Depue demanded payment of the note of the plaintiff, it was not competent for him to set up that the defendant had been defrauded into making the note. Nor if Messrs. Yohe & Depue had sued the defendant, could he have availed himself of that circumstance.   It does not seem to me either reasonable or consistent with any of the principles that enter into the constitution of commercial paper, to contend that this defence can prevail against the suit in its present form.   The plaintiff, by becoming surety, subjected himself to all those peculiar obligations which are attached by law to negotiable instruments, and the consequence is, he must be held to have acquired all the correlative rights which belong to the position.   In contracts of suretyship, the implied stipulation is to reimburse the surety for all losses resulting from his contributory undertaking; and as the plaintiff in this case was, in law, compellable to pay, and consequently did pay, this note, in good faith to the holders of it, he has an indisputable claim for indemnity from the present defendant.   It was not pretended, at the trial, that Messrs. Yohe & Depue had not acquired title to the note for value before maturity; and even if such had been the case, such circumstances could not have been set up against the plaintiff, who, as surety, without knowing that any reason

existed for supposing that the title of the holders was not in all respects incontestable and *bona fide,* had, in good faith, paid off the claim.

The foregoing remarks dispose of the legal merits of the present motion, although there is another subject which has been elaborately discussed in the briefs of counsel.

The note in controversy does not conform to the requirement of the statute of this state, as it existed prior to the recent modification, as it was not made payable without defalcation or discount. The words " or discount " were omitted. On the part of the defence it is insisted that this omission opens the defence of fraud in the consideration ; and in answer to this, it is set up that the paper was endorsed and put in circulation in Pennsylvania, and is not, therefore, to be regulated by the law of this state. These premises open for dission a question, perhaps of some nicety, with respect to the applicability of foreign or domestic rules to the case ; but this question will be neither considered nor decided, for the reason that the premises assumed are unfounded. The assumption on which this topic is at all pertinent is, that a promissory note, lacking the formal words just noted, is not incontestable by force of our statute, in the hands of a holder who takes it for value before maturity. But the act relied on will not bear this interpretation. The effect of the omission of the words in question is specifically declared, and it is to render admissible off-sets of a certain character. In all other respects a note defective in the particular in question, is negotiable paper, and is possessed of all the rights and immunities which belong to that species of commercial engagements. This is the sense put upon this statute by this court in the case of *Youngs* v. *Little,* 3 *Green* 1. The consequence is, that it is a matter of no importance whether the law of this state or of the Commonwealth of Pennsylvania is to be applied to the present contest, because, in either event, the defence which was overruled at the trial, was clearly inadmissible.

Let the rule to show cause be discharged.